# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Shanimba Nelson, | : | Case No. 1:09CV2909 |
| | : | |
| Petitioner | : | Judge Solomon Oliver, Jr. |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Rich Gansheimer, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this *pro se* action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his August 25, 2006 conviction pursuant to a plea of guilty to one count of trafficking in cocaine in an amount that equaled or exceeded 500 grams but did not exceed 1000 grams, along with a forfeiture specification,[1] upon which he was sentenced to eight years incarceration, forfeiture of the car he was driving at the time of the offense, suspension of his driver's license for five years, and a mandatory term of five years post-release control.[2]

Petitioner appealed his sentence to the Ohio Eleventh District Court of Appeals alleging

---

[1] Petitioner was originally charged with one count of trafficking in cocaine equaling or exceeding 1000 grams, with a forfeiture specification, one count of possession of cocaine equaling or exceeding 1000 grams, with a forfeiture specification, and one count of possession of criminal tools. Upon accepting petitioner's plea of guilty, the trial court entered a nolle prosequi on the remaining two charges and specifications.

[2] Prior to his sentencing, which was originally scheduled for September 25, 2006, the petitioner fled and then failed to appear. After having been apprehended in New York, petitioner was sentenced on April 7, 2008.

a sole assignment of error:

> I. The trial court violated appellant's rights to equal protection and due process of law under the Fifth and Fourteenth Amendments to the U.S. Constitution and under Sections 2, 10 and 16, Article I of the Ohio Constitution when it sentenced him contrary to R.C. 2929.11(B).

On October 27, 2008 the appellate court affirmed the judgment of the trial court.

In its opinion, the court summarized the facts in petitioner's case as follows:

> The instant charges stem from a traffic stop on I-90 in Willoughby Hills, Lake County, Ohio, on February 28, 2006. An officer with the Willoughby Hills Police Department observed appellant, the driver of the vehicle owned by his co-defendant, Shurmale Garner, who was a passenger at the time of the stop, traveling in excess of the posted speed limit and changed lanes without signaling. Both appellant and his co-defendant had suspended driver's licenses. Ultimately, a search of the vehicle revealed three kilograms of cocaine inside the back seat of the automobile.

Petitioner failed to file a timely appeal of the foregoing decision to the Ohio Supreme Court, but instead filed a *pro se* motion for delayed appeal on December 23, 2008, alleging the same proposition of law raised before the lower appellate court. On February 4, 2009 the state supreme court denied petitioner's motion for delayed appeal.

On December 2, 2009, the petitioner filed the instant petition, in which he raises the following two claims for relief:

> **A. GROUND ONE:** The trial court violated petitioner's rights to the Equal Protection Clause and the Due Process of law under the Fifth and Fourteenth Amendments of the U.S. Constitution and under Sections 2, 10 and 16, Article I of the Ohio Constitution when it sentenced petitioner contrary to R.C. 2929.11(B).
>
> **B. GROUND TWO:** The petitioner's rights were violated under the Sixth and Fourteenth Amendment of the U.S. Constitution when he was denied the effective assistance of counsel, when counsel failed to subpoena key witness to suppression hearing and failed

2

> to even have hearing at all. Information possessed by key witness
> was valuable to petitioner at his sentencing hearing.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

The petition was timely filed in accordance with 28 U.S.C. §2244(d).

The respondent asserts that petitioner has procedurally defaulted his two claims for relief, and that the first claim, in which petitioner argues that the state court violated his constitutional rights by sentencing him contrary to state law, is not cognizable in habeas corpus.

To be entitled to relief in federal habeas corpus a petitioner must establish that there has been infringement of a right guaranteed under the United States Constitution. Clemmons v. Sowders, 34 F.3d 352, 357 (6th Cir. 1994). A violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution. See, Floyd v. Alexander, 148 F.3d 615, 619 (6th Cir.), cert. denied, 525 U.S. 1025 (1998); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir. 1993), cert. denied, 510 U.S. 1201 (1994). It is the obligation of this Court to accept as valid a state court's interpretation of the statutes and rules of practice of that state, including state sentencing laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).[3] Accord, Howard v.White, 76 Fed. Appx. 52, 53, 2003 U.S.App. LEXIS 19381 (6th Cir. 2003).

The state appellate court rejected petitioner's challenges to his sentencing on direct appeal holding in pertinent part:

---

[3] Petitioner's claim for relief invokes only his due process rights and not the Eighth Amendment prohibition against cruel and unusual punishment.

3

In his sole assignment of error, appellant argues that the trial court violated his constitutional rights by sentencing him contrary to R.C.2929.11(B). Appellant presents two issues for our review. In his first issue, appellant alleges that the trial court erred by imposing upon him a sentence that is not consistent to similarly situated criminals who committed similarly situated crimes, especially that of his co-defendant. In his second issue, appellant maintains that the trial court erred by ordering a sentence of eight years imprisonment which is not proportional to the crimes committed.

Because appellant's two issues are interrelated, we will address them together.

R.C. 2929.11(B) provides: "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

This court stated in *State v. Adams*, 11thDist. No. 2003-L-110, 2005-Ohio-1107, at ¶57, (overruled on other grounds (2005), *State v. Payne*, 11th Dist. No. 2004-L-118, 2005-Ohio-7043), at ¶10:

"***[A]lthough 'a trial court is required to engage in the analysis set forth by R.C. 2929.11(B) to ensure the consistency of sentences,' a court is not required 'to make specific findings on the record' in this regard. (*State v. Newman*, 11th Dist. No. 2002-A-0007, 2003-Ohio-2916)" The trial court possesses 'broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines.' *State v. Smith* (June 11, 1999), 11th Dist. No. 98-P-0018, 1999 Ohio App. LEXIS 2632, at 8."

In *State v. Swiderski,* 11th Dist. No. 2004-L-112, 2005-Ohio-6705, at ¶56-58, this court stated:

"[W]e agree with appellant that R.C. 2929.11(B) mandates consistency when applying Ohio's sentencing guidelines. See, e.g., *State v. Lyons*, 8th Dist. No. 80220, 2002-Ohio-3424, at ¶30. Accordingly, 'it is the trial court's responsibility to insure that it has the appropriate information before it when imposing sentence in

4

order to comply with the purposes of felony sentencing.' Id. However, this court has reasoned that sentencing consistency is not developed via a trial court's comparison of the existing matter before the court to prior sentences for similar offenders and similar offenses. *State v. Spellman*, 160 Ohio App.3d 718, 2005-Ohio-2065, at ¶12 \*\*\*(\*\*\*) Specifically, we stated:

"We agree with the rationale of the *Lyons* court, insofar as the trial court must adhere to the statutory mandate to ensure consistency in sentencing. However, we note, as that court did, that the trial court is required to make its sentencing decisions in compliance with the statute, but need not specifically comb the case law in search of similar offenders who have committed similar offenses in order to ascertain the proper sentence to be imposed.' Id.

"In short, a consistent sentence is not derived from a case-by-case comparison; rather, it is the trial court's proper application of the statutory sentencing guidelines that ensures consistency. \*\*\*." (Parallel citation omitted.)

In the case at bar, the trial court properly considered the relevant factors of R.C. 2929.11 and 2929.12, stating the following in its April 15, 2008 judgment entry:

"The Court has also considered the record, oral statements, any victim impact statement, pre-sentence report and/or drug and alcohol evaluation submitted by the Lake County Adult Probation Department of the Court of Common Pleas, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12.

"In considering the foregoing, and for the reasons stated in the record, this Court finds that a prison sentence is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and that Defendant is not amenable to an available community control sanction"

The trial court made a similar pronouncement at the sentencing hearing. The transcript reveals that the trial court noted that appellant acted for hire, as part of an organized criminal activity, and possessed over three times the amount of cocaine necessary for a first degree felony. The trial court also considered appellant's criminal history and that at the time of the instant offense, he was on probation. The trial court referenced the fact that appellant

5

> failed to show up for the first sentencing hearing over a year and a half ago.
>
> Here, the trial court sentenced appellant to eight years in prison, within the statutory sentencing guidelines. R.C. 2929.14(A)(1). Nevertheless, appellant argues that his sentence violates R.C. 2929.11(B) because it is disproportionate as well as inconsistent with that of his co-defendant.
>
> We note that "'there is no requirement that co-defendants receive equal sentences.' *State* v. *Rupert*, [11th Dist. No. 2003-L-154], 2005-Ohio-1098, at ¶11, citing *Lloyd*, supra at ¶21. '(***) (W)hen there is a multiple codefendant situation and those co-defendants are essentially charged with the same crimes, what may seem to be a disparity in certain situations may not be a disparate sentence. This may occur when the records submitted in such cases provide a different table of review which may appropriately result in a varied sentence in a given case when evaluated according to the pertinent statutory criteria.' *Rupert*, at ¶13 ***." *State v. Martin*, 11th Dist. No. 2006-T-0111, 2007-Ohio-6722, at ¶40.
>
> Nothing in the record before this court suggests that the difference in appellant's sentence from that of his co-defendant is a result of anything other than the individualized factors the court applied to appellant. See *Martin*, supra at ¶40. The trial court properly applied the statutory factors and considerations, thus, ensuring consistency and proportionality.

(Footnotes omitted.)

These allegations of violation of state law fail to rise to the level of a denial of fundamental fairness and, therefore, are not cognizable in federal habeas corpus. However, even if they were to be considered, this Court would not find that the decision of the state appellate court on the foregoing matters of state law was either objectively unreasonable or that it involved an unreasonable application of federal law. That being so, petitioner's first claim for relief must fail.

This Court also agrees with the respondent's assertion that the first claim for relief has been procedurally defaulted.

6

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he may seek relief based upon an alleged violation of constitutional rights. Granberry v. Greer, 481 U.S. 129, 133 (1987). Such doctrine, although not of a jurisdictional nature, is based upon issues of comity, allowing the state courts the opportunity to correct any constitutional violation that may have occurred in its courts, as well as creating a complete record for review should the case eventually be heard in federal habeas corpus. Hafley v. Sowders, 902 F.2d 480, 482 (6th Cir. 1990).

A claim is deemed exhausted even if it has not been presented to the state's highest court when the petitioner is foreclosed from raising it in that forum either because the time for filing has expired or the petitioner is otherwise procedurally precluded from raising it. A default occurs in the state courts if the last state court rendering a decision makes a plain statement of such state procedural default. Harris v. Reed, 489 U.S. 255 (1989). When a petitioner fails to appeal a claim to a state's highest court and when the opportunity to do so is lost, the petitioner is said to have procedurally defaulted the claim and must prove cause and prejudice for such default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Under this standard of review a petitioner must show "cause for the noncompliance and . . . actual prejudice resulting from the alleged constitutional violation." Id. at 84.

The Sixth Circuit, in Maupin v. Smith, 785 F.2d 135 (6th Cir. 1986), delineated a four part approach on habeas corpus for determining whether a petitioner's claim is barred by the failure to observe a state procedural rule. First, the district court must determine whether there exists a state procedural rule with which the petitioner failed to comply. Then the court must determine whether

7

the state court enforced the sanction for failure to comply.  If so, it must then be decided whether failure to comply with the state procedural rule constitutes an adequate and independent ground for barring federal review.  If all these questions are answered in the affirmative, the petitioner must satisfy the "cause and prejudice" analysis set forth in Wainwright, supra at 138.

In the present case petitioner failed to raise this issue on direct appeal to the state supreme court.  The state supreme court refused to hear this claim for relief when it denied petitioner's motion for leave to file a delayed appeal in that court.  There being no available means of further presenting this issue to the state courts, it has been exhausted, but there is the question as to whether it has also been procedurally defaulted in light of the refusal of the state supreme court to grant petitioner's motion for leave to file delayed  appeal.

Rule II, Section 2(A)(4) of the Rules of Practice of the Ohio Supreme Court provides for the filing of  a motion for delayed appeal along with notice of appeal, where a criminal defendant has failed to file a timely appeal to that court from a decision of the lower appellate court.   That motion is only to include the reasons for delay, with the actual appeal issues only being presented upon the supreme court's granting such motion.  A denial of a motion for delayed appeal is premised solely upon the reasons for delay and, therefore, is a decision based upon procedural default and not upon merits review.  Bonilla v. Hurley, 370 F.3d 494, 497 (6th Cir. 2004).  The Maupin factors have been satisfied, as the rule requiring timely filing is a state procedural rule with which the petitioner failed to comply, the supreme court enforced the rule, and failure to comply with that rule constitutes an adequate and independent ground for barring review of the federal constitutional claim.  Id. at 497.  Accord, Smith v. Ohio Dept. Of Rehab. & Corr., 463 F.3d 426 (6th Cir. 2006).  As such, petitioner has procedurally defaulted his first claim for relief raised

herein. Id. at 497. Accord, Simpson v. Jones, 238 F.3d 399, 406 (6th Cir. 2000); Barkely v. Konteh, 240 F.Supp.2d 708 (N.D.Ohio 2002). There having been no showing of cause and prejudice pertaining to such procedural default, this claim for relief would also be subject to dismissal on that basis.

In petitioner's second claim for relief he argues that he was denied the effective assistance of trial counsel by reason of his counsel's failure to subpoena Sergeant Michael Planisek to testify at his sentencing hearing.

The respondent argues that this claim for relief was also procedurally defaulted in light of petitioner's failure to raise it before any of the state courts. Once again, this Court agrees.

In light of the fact that this claim is based upon evidence which is not part of the record, it would not have been appropriate to have raised it on direct appeal, but rather would have been properly raised in a petition for post-conviction relief filed with the trial court under Ohio Revised Code §2953.21. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994); Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir. 1991). Such a petition would now be untimely, and it would be futile to have petitioner file with the state trial court a delayed petition for post-conviction relief, as he would be unable to meet the threshold requirement for filing his petition after so much time has expired. Ohio Revised Code §2953.23 (A). This claim, therefore, is exhausted but procedurally defaulted and, absent a convincing showing of cause and prejudice, which has not been made in this case, this claim is also subject to dismissal on that basis.

Procedural default aside, this claim would also fail upon merits review.

A petitioner claiming ineffective assistance of counsel must demonstrate that counsel's conduct was so far below acceptable standards of representation that he or she was not functioning

as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution, and that such deficient performance so prejudiced the defense as to render the trial unfair. Strickland v. Washington, 466 U.S. 668 (1984). See also, United States v. Bavers, 787 F.2d 1022 (6th Cir. 1985). Disagreement by a defendant with tactics and/or strategy will not support a claim of ineffective assistance, and a petitioner in habeas corpus must overcome a presumption that challenged conduct of counsel was a matter of strategy, Strickland, 466 U.S. at 689. Accord, Wilson v. Yukins, unreported, 1999 U.S.Dist. LEXIS 7644 (E.D.Mich. 1999). The prejudice prong of the test may be satisfied by a showing that counsel's error deprived the petitioner of a fundamentally fair trial which resulted in a verdict lacking in reliability. Kimmelman v. Morrison, 477 U.S. 365 (1986).

Petitioner relies on the fact that his trial counsel failed to subpoena Sgt. Planisek to testify at his sentencing hearing, during which he believes the witness would have stated that petitioner's co-defendant said that petitioner had no involvement with the drug transaction and had no knowledge of drugs, and that such testimony could have resulted in a lesser sentence. That argument, however, is unconvincing in light of the fact that at petitioner's change of plea hearing, at which he entered a plea of guilty to the charges described infra, he engaged in the following colloquy with the trial court:

> THE COURT: Now, do you understand that your plea of guilty to this charge is a complete admission of guilt? What that means is you are admitting to the facts as alleged by the prosecutor here and we are not going to argue later on here that you didn't do it, someone else is to blame, anything along those lines? Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.

Petitioner further indicated to the court that he understood that upon entry of a guilty plea to a

felony of the first degree, the court would be required to impose a mandatory prison term of between three and ten years (he was sentenced to eight years), with no probation, with a mandatory period of five years of post-release control, and with a mandatory license suspension and fine. Having agreed to the foregoing, it would not have made sense for his defense counsel to have called a witness to refute his involvement with the crimes charged.  It follows that even if the merits of this claim for relief were to be considered, petitioner would not be able to satisfy his burden to demonstrate that his counsel's conduct was constitutionally deficient.  Therefore, this claim for relief is without merit.

In light of all the foregoing it is concluded that no claim of constitutional violation has been presented requiring further proceedings prior to disposition on the merits.

It is, therefore, recommended that the petition be dismissed without further proceedings.

> s/DAVID S. PERELMAN
> United States Magistrate Judge

DATE:    July 21, 2010

### OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).