UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHANIMBA NELSON, | ) | Case No.: 1:09 CV 2909 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| RICH GANSHEIMER, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On December 16, 2009, Petitioner Shanimba Nelson ("Nelson" or "Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition," ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state conviction for trafficking cocaine in an amount that equaled or exceed 500 grams but did not exceed 1,000 grams, along with a forfeiture specification. Nelson argues that his Petition should be granted based on the following grounds: (1) the trial court violated Petitioner's rights to Equal Protection and Due Process under the Fifth and Fourteenth Amendments to the U.S. Constitution and violated Sections 2, 10, 16, of Article 1 of the Ohio Constitution when it sentenced Petitioner contrary to Ohio Revised Code § 2929.11(B); and (2) Petitioner's Sixth and Fourteenth Amendment rights to effective assistance of counsel were violated because counsel failed to subpoena a key witness at a Suppression Hearing, failed to have a hearing altogether, and failed to have a key witness testify at his Sentencing Hearing. (*See* Petition at p. 4.) Petitioner raised the first assignment of error on appeal before the Ohio Eleventh District Court of Appeals, and the court affirmed the judgment of the trial court. Petitioner filed a *pro se* motion for

leave to file a delayed appeal to the Ohio Supreme Court, and the Ohio Supreme Court denied Petitioner's motion. Petitioner did not raise the ineffective assistance of counsel on direct appeal.

This court referred the case to Magistrate Judge David S. Perelman for preparation of a report and recommendation. On April 20, 2010, Respondent Rich Gansheimer ("Respondent") filed a Return of Writ.

On July 21, 2010, Magistrate Judge Perelman submitted his Report and Recommendation (ECF No. 11), recommending that judgment be entered in Respondent's favor. First, he found that the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") control this Petition. Second, he found that Petitioner's first claim for relief fails because it does not rise to the level of a denial of fundamental fairness, so it is not a cognizable habeas corpus claim. Magistrate Judge Perelman further found that even if the first claim for relief was cognizable as a habeas corpus claim, the decision of the state appellate court was neither objectively unreasonable nor did it involve an unreasonable application of federal law because it only involves an alleged violation of state law. The state law involved is Ohio Revised Code § 2929.11(B), which provides that

> [a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

In any event, he also found that the first claim for relief was procedurally defaulted because Petitioner had not utilized all available state remedies. The Ohio Supreme Court refused to hear Petitioner's claim when it denied Petitioner's motion for leave to file a delayed appeal in that court. Because the determination of whether or not to permit a petitioner leave to file a delayed appeal

solely requires an analysis of the reasons for delay, the decision is based upon procedural default and not upon the merits of the appeal. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) ("This case turns upon whether the Ohio Supreme Court entry denying Bonilla's motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal court review of Bonilla's habeas corpus petition. Upon examination of the Ohio Supreme Court Rules, we conclude that it does.").

In regard to Petitioner's second ground for relief, Magistrate Judge Perelman concluded that it was procedurally defaulted because Petitioner failed to raise the ineffective assistance of counsel claim before any state court. Although Petitioner cannot be expected to have raised this issue on direct appeal because he had the same appellate counsel as trial counsel, Magistrate Judge Perelman concludes that Petitioner should have raised this issue in a petition for post-conviction relief pursuant to Ohio Revised Code § 2953.21. In any event, he also finds that Petitioner's claim for ineffective assistance of counsel fails on the merits. *Strickland v. Washington*, 466 U.S. 668, 687 (1984), requires that a petitioner show both: (1) that his counsel's errors were so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) that his counsel's deficient performance prejudiced the defense in order to prevail on an ineffective assistance of counsel claim. Mere disagreement by the defendant with tactics or strategy is insufficient to support an ineffective assistance of counsel claim. *Id.* at 689. To show an attorney's performance was deficient, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. Petitioner argues that his counsel should have called Sgt. Planisek to testify at his sentencing hearing because Petitioner argues that the witness would have testified that Petitioner was not involved with the drug transaction out of which arose Petitioner's criminal

charges. However, Petitioner pled guilty and, during the plea colloquy, stated that he understood that he was making "a complete admission of guilt." The mandatory prison term for the crime Petitioner pled guilty to is between three and ten years. Petitioner was sentenced to eight years. Magistrate Judge Perelman reasons that because Petitioner pled guilty, it would not have been logical for Petitioner's counsel to call a witness to potentially testify that Petitioner was not involved with the crimes charged.

Objections to the Report and Recommendation were due by August 4, 2010. As of the date of this Order, Petitioner has not objected to the Report and Recommendation. By failing to do so, he has waived the right to appeal the Magistrate Judge's recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

The court finds that, after *de novo* review of the Report and Recommendation and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation. (ECF No. 11.) Nelson's Petition is hereby denied, and final judgment is entered in favor of the Respondent. The court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

January 31, 2011